IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ANTHONY B. SCHWENDINGER, CRNA,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER-CLINTON, INC., a Delaware Corporation; MEDICAL ASSOCIATES OF CLINTON IOWA, PLC, an Iowa Company; GATEWAY SURGERY CENTER, LC, an Iowa Company; MORRISON COMMUNITY HOSPITAL, an Illinois Corporation; MARK LEDING, DO; STEPHEN JEWELL, CRNA; and JAMES BABESHOFF, CRNA,<br><br>    Defendants. | No. 3:13-cv-00039 – JEG-RAW<br><br>ORDER ON MOTION<br>TO AMEND JUDGMENT |

This matter now comes before the Court[1] on Plaintiff's Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), filed on October 28, 2013. The motion was resisted by Defendant Mercy Medical Center-Clinton, Inc., on November 12, 2013, and on that same date Defendants Morrison Community Hospital, Medical Associates of Clinton, Iowa, PLC, and Gateway Surgery Center, LC, joined in that resistance. On November 13, 2013, Defendants Mark Leding, DO, Stephen Jewell, CRNA, and James Babeshoff, CRNA, joined in the resistance. No Reply has been filed. No party seeks oral argument, and the Court finds none necessary in resolving the matter. The matter is fully submitted and ready for ruling.

## BACKGROUND

The underlying facts are set forth in Judge Vietor's Memorandum Opinion, Rulings on Motions, and Orders of Dismissal filed on September 25, 2013, ECF No. 47 (the Dismissal Order), and will not be repeated herein. The Dismissal Order granted the Fed. R. Civ. P.

---

[1] On October 29, 2013, the above-entitled action was transferred from the docket of Senior District Judge Harold D. Vietor to Chief Judge James E. Gritzner for reasons of Court administration.

12(b)(6) motion and dismissed, with prejudice, Count I of the Complaint, based upon an alleged violation of the Sherman Act, 15 U.S.C. § 1, Count II of the Complaint, based upon an alleged violation of the Sherman Act, 15 U.S.C. § 2, and Count III of the Complaint, based upon an alleged violation of the Iowa Competition Law, Iowa Code § 553.4.[2]  Plaintiff now seeks to amend the prior Judgment of September 30, 2013, to dismiss the Iowa Competition Law claim in Count III without prejudice, thus allowing that claim to proceed in state court together with the remaining state law claims.

## DISCUSSION

The Dismissal Order found Plaintiff Schwendinger did not have standing as a proper plaintiff under the definitions of the Sherman Act or meet the qualifying factors for a private action under the Clayton Act, 15 U.S.C. §§ 15, 26, because he had not suffered an antitrust injury.  Dismissal Order at 20-21.  The Dismissal Order had previously noted, without discussion, that the Iowa Competition Law required "the same showing." Id. at 19.[3]  Without further discussion of the specific application of the Iowa Competition Law, the Dismissal Order found "plaintiff's claims in Counts I, II, and III must be dismissed." Id. at 21.  All three Counts were then dismissed with prejudice.  Id. at 23.

Plaintiff now proceeds under Fed. R. Civ. 59(e).

---

[2] Judge Vietor declined to exercise supplemental jurisdiction over state law claims contained in Counts IV through X of the Complaint, dismissing those Counts without prejudice.  See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Those Counts are not at issue herein.

[3] The Dismissal Order simply parenthetically referenced the section of the Iowa Competition Law that directs harmonization with the federal statutory structure: "See Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter.  This construction shall . . . be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.").  Dismissal Order at 19.

> Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. [A] district court has broad discretion to alter or amend a judgment under Rule 59(e), and . . . will [be] reverse[d] only for a clear abuse of discretion. An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors.

Matthew v. Unum Life Ins. Co. of Am., 639 F.3d 857, 863 (8th Cir. 2011) (first alteration in original) (internal citations and quotation marks omitted). Thus, the present task is to determine if an amendment is required to cure "manifest errors of law or fact," see Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.), as amended, 835 F.2d 710 (7th Cir. 1987)); Curtis v. NID PTY, Ltd., 248 F. Supp. 2d 836, 837 (S.D. Iowa 2003), and here specifically a manifest error of law. A Rule 59(e) motion is not available to "tender new legal theories, or raise arguments which could have been offered or raised prior to judgment." Holder v. United States, 721 F.3d 979, 986 (8th Cir. 2013) (quoting Innovative Home Health Care, Inc. v. P.T.-O.T. Assos. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).[4]

Plaintiff now argues Iowa Code § 553.2 does not require the Iowa Competition Law to be interpreted by Iowa courts in the same fashion as federal courts have interpreted the federal statutory scheme. The argument is based upon the second statement of purpose in § 553.2 that "[t]his construction shall not be made in such a way as to constitute a delegation of state authority to the federal government," but without addressing the third statement in the statute, "but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices." Further, Plaintiff relies on Comes v.

---

[4] Defendants had argued generally that a failure to meet the standing requirements under the federal statutory framework would also constitute a failure under the Iowa Competition Law, citing Davies v. Genesis Medical Center Anesthesia & Analgesic, P.C., 994 F. Supp. 1078, 1103 (S.D. Iowa 1998). Mot. Dismiss 5-6, ECF No. 22-1. In response, Plaintiff did not raise a distinction that such a finding under the federal framework would not necessarily also preclude standing under the Iowa statute. Pl.'s Resist. to Mot. Dismiss 8-9, ECF No. 33.

Microsoft Corp., 646 N.W.2d 440, 446 (Iowa 2002), in which the Iowa Supreme Court held § 553.2 did not require interpretation consistent with federal law.

The Comes case involved consumers, not competitors. That case resolved the question of whether indirect purchasers rather than direct purchasers, barred under federal law subsequent to Illinois Brick Co. v. Illinois, 431 U.S. 720, 728-29 (1977), could bring an action under the Iowa Competition Law. Comes, 646 N.W.2d at 442-45. The Comes court noted that under California v. ARC America Corp., 490 U.S. 93, 101-02 (1989), the Illinois Brick case was no bar to a state allowing an action by indirect purchasers under state law, and the Iowa Supreme Court allowed such actions under the Iowa Competition Law by indirect purchasers. Comes, 646 N.W.2d at 444-45.

The Comes court did not lose sight of the essential purposes underlying the federal and state schemes, protecting competition not competitors, or that the Iowa statute seeks harmonization with the essential purpose of prohibiting restraints on economic activity and monopolistic conduct. Id. at 446-47. Rather, the court found that scheme to be furthered by allowing a cause of action for indirect purchasers. Id. at 447. The Comes court does not distinguish or discuss Max 100 L.C. v. Iowa Realty Co., 621 N.W.2d 178, 181-82 (Iowa 2001), which in the prior year embraced harmonization with the purpose of both the federal and state laws governing the nature of competition. Nor did the Max 100 L.C. case following remand suggest any change in the law resulting from Comes. Next Generation Realty, Inc. v. Iowa Realty Co., 686 N.W.2d 206, 208 (Iowa 2004) ("In adopting Iowa Code chapter 553, the legislature left us without authority to innovate from the federal courts' understanding of federal antitrust law."). Therefore, despite some of the general language in Comes, when read in context Comes does not appear to materially alter the analysis in the Dismissal Order that there had not been an antitrust injury.

Upon further review of the matter pursuant to Rule 59(e), this Court finds no error of law, manifest or otherwise. Accordingly, Plaintiff's Motion to Amend Judgment, ECF No. 49, must be **denied.**

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2013.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT